## Poor Directors of Gibson District *v.* Poor Directors of Benton Poor District, Appellants.

*Paupers—Maintenance—Poor directors — Poor districts — Liability for—Liability of—Act of June 13, 1836, P. L. 539.*

In a petition by one poor district to require the removal of the pauper of another poor district, it appeared that the pauper, who was a divorcee, had married and lived with her husband in the respondent poor district from 1904 until 1913. At that time she left her husband and returned to her former home and subsequently secured a divorce. The respondent offered in evidence the divorce proceedings to prove that the pauper had settled in the plaintiff district. *Held,* that such record did not establish the residence of the pauper in said district and that the order for her removal was properly granted.

Under the provisions of the Act of June 13, 1836, P. L. 539,

378 GIBSON POOR DIST. *v.* BENTON POOR DIST., Appel.

every married woman shall be deemed, during coverture, and after her husband's death, to be settled in the place where he was last settled. When so established such settlement must be presumed to have continued until lawfully changed.

Argued March 2, 1925.  Appeal, No. 9, Feb. T., 1925, by Poor Directors of Benton Poor District, from judgment of Q. S. Susquehanna Co., Jan. Sessions, 1923, No. 3, in the case of Poor Directors of the Gibson Poor District v. Poor Directors of Benton Poor District.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Petition for the removal of pauper.  Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now to wit, April 22, 1924, we adjudge

First: That the legal settlement of Cora Estelle, the person subject of these proceedings, to have been on the date of filing petition for citation at bar, viz, January 11, 1923, and now is in Benton Poor District, Lackawanna County, Pennsylvania, as following that of her husband, Frank Estelle.

Second: That the directors of the poor Gibson Poor District remove the said Cora Estelle to the Poor District of Benton Township, Lackawanna County, Pennsylvania, and that the directors of said Benton Township Poor District accept and receive her the said Cora Estelle as legally settled therein and chargeable thereon.

Third: That the directors of the poor of said Benton Poor District pay to the directors of the poor of Gibson Poor District the sum of $169.69 already legally disbursed by the latter up to November 24, 1923, on behalf of the said Cora Estelle, and also all just and legal charges so expended or incurred since that date and the costs of these proceedings.

Defendant appealed.

*Error assigned* was the order of the court.

*Fred C. Hanyen,* and with him *H. W. Mumford,* for appellants.

*John Ferguson,* for appellee.

OPINION BY HENDERSON, J., April 28, 1925:

This case arises on the application of the Poor Directors of the Gibson Poor District for the removal of Cora Estelle, a pauper, from Lenox Township, Susquehanna County, to Benton Township, Lackawanna County. The subject of the inquiry was married in July, 1904, to Frank Estelle, and lived with him until June, 1913, on a farm owned and managed by her husband in Benton Township. At the time last named, she left her husband and returned to her former home. In 1920, she instituted a proceeding in divorce in Susquehanna County alleging in the libel that her husband had deserted her. The case was so proceeded with that a final decree was entered in her favor March 27, 1922. In compliance with an order of the Court of Quarter Sessions of Lackawanna County, the husband paid for the support of his wife and their child the sum of $25 a month until the divorce was granted. In October, 1922, Mrs. Estelle became insane and was a charge on the Gibson Township Poor District. It appearing that she was married and lived with Frank Estelle in Benton Township, her settlement was established in that district, as provided by the 10th section of the Act of June 13, 1836, P. L. 539, which enacts that "every married woman shall be deemed, during coverture, and after her husband's death, to be settled in the place where he was last settled" and when so established such settlement must be presumed to have continued until lawfully changed. It was therefore the burden of the appellant to show that Mrs. Estelle had acquired a settlement in Gibson Township. This it undertook to do by offering the record of the divorce proceeding, not including, however, the testimony taken in that case. This offer might well have been

refused by the court as it did not show, nor tend to show, that Mrs. Estelle had met any of the requirements imposed by the Act of 1836 as a condition precedent to acquiring a settlement.   The only part of the record having any relation to the defendant's domicile is the allegation in the libel that she had resided in the Commonwealth of Pennsylvania for the period of one whole year and upwards previous to the filing of her petition. This is a compliance with the Act of 1815 necessary to give the court jurisdiction of a libel for divorce, but it throws no light on the subject of the settlement of the petitioner under the poor laws of the State.   It was not necessary that the petitioner live in the county in which the libel was filed for a year preceding the instituting of the suit.   The act only requires that she be a resident of the county.   "Residence" in the county is not the equivalent of a settlement necessary to establish the liability of a poor district for the support of a pauper.   The Act of June 13, 1836, and the Act of May 1, 1909, P. L. 307, relating to indigent persons attacked by infectious or contagious diseases prescribe the manner in which an indigent person may acquire a settlement and thereby become a charge on the poor district.   No other evidence was offered by the appellant to show that Mrs. Estelle had so changed her resdence as to acquire the settlement necessary to charge the appellee for her support.

It is urged by the appellant that the decree in divorce shows conclusively that Frank Estelle deserted his wife and that therefore she had the standing of a feme sole trader an incident to which status was the right to acquire a settlement apart from her husband.   It is unnecessary however to consider that view of the case for we find nothing on the record to show that Mrs. Estelle did any act which brought her case within the requirements of the poor laws relating to settlement.   It follows that the order of the court of quarter sessions must be affirmed.   The appeal is dismissed at the cost of the appellant.